USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 18 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
QIAN JIN LIN
    Plaintiff,

              -v-                                   12 Civ. 0451 (AJN)

WILLIAM ANDERSON; JOHN DOE AND           ORDER
JANE DOE WHO SEIZED THE PROPERTY;
U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT
                           Defendants.
------------------------------------------------------------X

ALISON J. NATHAN, District Judge:

      On January 18, 2012, Plaintiff Qian Jin, appearing *pro se*, filed a complaint against Defendants Special Agent William Anderson, the U.S. Department of Homeland Security ("DHS"), and the U.S. Immigration and Customs Enforcement ("ICE"), claiming that Defendants wrongfully seized $5,600 in currency from her during their execution of a search warrant at a suspected illegal gambling parlor in the Chinatown neighborhood of Manhattan, New York ("Chinatown"). (Compl. at 3) Defendants now move to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). For the following reasons, the Court concludes that it lacks jurisdiction to hear Plaintiff's complaint.

    I.    **Background and Procedural History**

      Plaintiff filed this *pro se* complaint on January 18, 2012, (Dkt. No. 2), but failed to timely effectuate service of the summons and complaint. Subsequently, on August 21, 2012, Plaintiff sent a letter to the Court requesting an extension of time to serve the summons. (Dkt. No. 8) On September 17, 2012, the Court issued an order granting Plaintiff an additional 60 days from the

1

issuance of a new summons in which to complete service. (Dkt. No. 9) Plaintiff timely served Defendants on November 23, 2012, and, on February 22, 2013, Defendants filed this motion to dismiss. (Dkt. Nos. 15-21) Pursuant to Rule 3.F of the Court's Individual Practices in Civil Cases, Plaintiff was given the opportunity to file an opposition to Defendants' motion or to amend her complaint. (Dkt. No. 24) Plaintiff's deadline for doing so was March 22, 2013, but, to date, Plaintiff has not amended her complaint, filed an opposition, or otherwise been in contact with the Court.

For the purposes of resolving this motion only, the Court accepts the allegations in Plaintiff's complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Plaintiff Qian Jin Lin, a citizen of the People's Republic of China and a permanent resident of the United States, alleges that Defendants wrongfully seized from her $5,600 in U.S. currency. As alleged, on July 19, 2011, Plaintiff was waiting for her daughter to book an airline ticket at a travel agency in Chinatown. (Compl. 3) She alleges that Defendants arrived to the travel agency, "announc[ed] that here is illegal gambling place," and then had "everybody sit on the floor and they searched everybody." (*Id.*) Plaintiff alleges that during this search, Defendants "took money from [her] pocket" and told her that the "money was involved in the gambling." (*Id.*)

Plaintiff alleges that, pursuant to the search, Defendants seized $5,600 dollars from her. She claims that this was money that she had been given by her daughter, which was to be used "to buy [an] air ticket to China," and was not, in fact, involved in the illegal gambling operation. (*Id.*) She alleges that, as a result of this incident, she "could not sleep day and night," that she "felt [she] was mentally abused by the ICE [agents'] misbehaviors," and that she is a "low income person," "eighty years old," and reliant on "prescription drug[s] to control [her] high

[blood] pressure and diabetes." (*Id.*) The only relief that Plaintiff requests is the return of the seized currency.[1] (Compl. 4)

In support of her petition, Plaintiff provided a copy of her U.S. Social Security Card, her Permanent resident card, showing that she was born in the People's Republic of China, and a copy of her New York State Benefit Identification Card. (Compl. Exs. 1-3) She also provided a copy of the DOH Custody Receipt for Seized Property and Evidence, noting that on July 19, 2011, Defendant William Anderson seized $5,600 from Plaintiff. (Compl. Ex. 4; Anderson Decl. Ex. 1)

## II. Legal Standard

A motion brought under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction to hear the case. Fed. R. Civ. P. 12(b)(1). Pursuant to Rule 12(b)(1), dismissal for lack of subject matter jurisdiction is appropriate if the Court determines that it lacks the constitutional or statutory power to adjudicate the case. *See id.*; *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(1) motion to dismiss "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations and internal quotation marks omitted); *Gertskis v. U.S. E.E.O.C.*, No. 11 Civ. 5830(JMF), 2013 WL 1148924, at *4 (S.D.N.Y. Mar. 20, 2013). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id.*; *Aurecchione v.*

---

[1] Under "Relief," in her form-complaint, Plaintiff provided the following response: "I want the Court to get the money that forfeited by the U.S. Department of Homeland Security or U.S. Immigration Customs and Enforcement back to me."

3

*Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). And "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted basis for jurisdiction is not sufficient." *Frisone v. Pepsico Inc.*, 369 F. Supp. 2d 464, 469 (S.D.N.Y. 2005) (quoting *Augienello v. Fed. Deposit Ins. Corp.*, 310 F. Supp. 2d 582, 587 (S.D.N.Y. 2004).

Nonetheless, the Court "remain[s] obligated to construe [a] *pro se* complaint[] liberally," *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir.2009), with "special solicitude," and so as "to raise the strongest arguments that it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### III. Jurisdiction

In her form complaint, Plaintiff alleges that the Court has jurisdiction based on diversity of citizenship. (Compl. 2) Pursuant to 28 U.S.C. § 1332(a), the requirements for diversity jurisdiction are both diversity of citizenship and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a). Even assuming diversity of citizenship, because Plaintiff has failed to allege an amount in controversy in excess of $75,000 the Court lacks jurisdiction to hear this case on her asserted grounds. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . ."). Liberally construed, however, the Court concludes that Plaintiff's complaint can be read as asserting certain federal claims over which the Court may have subject matter jurisdiction, pursuant to 28 U.S.C. § 1331. Specifically, Plaintiff's complaint can be liberally construed as asserting a tort claim for loss of property and emotional distress, pursuant to the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 1346, 2671-2678, 2680.[2]

---

[2] Because Plaintiff's suit sounds in tort, not contract, the Tucker Act, 28 U.S.C. § 1346(a)(2), does not apply. Additionally, because Plaintiff's funds were seized pursuant to 18 U.S.C. § 981, and Plaintiff neither alleges, nor could allege, (*see* Nagel Decl.), that the she was not given proper notice of her rights relative to the potential forfeiture, that the government failed to follow the proper procedures, or that it created "insuperable obstacle[s]" to her right to contest the seizure and forfeiture, the Court will not construe her complaint as raising claims under

### IV. Plaintiff's FTCA Claims

Plaintiff's claim can be liberally construed as alleging common law torts for loss of property and emotional distress against Defendants Anderson, DHS, and ICE. Pursuant to the FTCA, however, "a suit against the United States is the exclusive remedy for a suit for damages for injury or loss of property 'resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Zandstra v. Cross,* No. 10 Civ. 5143(DLC), 2012 WL 383854, at *2 (S.D.N.Y. Feb. 6, 2012) (quoting *Rivera v. U.S.,* 928 F.2d 592, 608 (2d Cir. 1991), and 28 U.S.C. § 2679(b)(1)). Accordingly, under the FTCA, "suits against federal agencies and employees for tort claims are precluded, and the United States must be substituted as the proper party upon certification by the Attorney General that the defendants were acting within the scope of their office or employment at the time the claim arose." *Gertskis,* 2013 WL 1148924, at *13 (citing 28 U.S.C. § 2679(a), (d)).

In their brief, and in an affidavit of the United States Attorney for the Southern District of New York, Preet Bharara, Defendants assert that Defendant Anderson was "acting within the scope of his employment as an employee of the United States of America at the time of the incidents alleged in Plaintiff's complaint." (Bharara Decl. 2) Nothing in Plaintiff's complaint or the documents attached thereto suggests otherwise. Consequently, to the extent that Plaintiff's complaint alleges a common law tort claim brought pursuant to the FTCA, the Court will consider it to have been brought against the United States "as a substitute as the proper defendant." *Skyers v. U.S.,* No. 12 Civ. 3432(RWS), 2013 WL 3340292, at *12-13 (S.D.N.Y. July 2, 2013) (because the scope of employment was undisputed, the United States was the

---

*Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), alleging due process or other constitutional violations. *See generally, Dawson v. Drug Enforcement Admin.,* 927 F. Supp. 748, 752-53 (S.D.N.Y. 1996).

proper defendant); *accord Point-Dujour v. U.S. Postal Serv.,* No. 02 Civ. 6840(JCF), 2003 WL 1745290, at *3 n.5 (S.D.N.Y. Mar. 31, 2003); *see also Bamba v. U.S. Dep't of Homeland Sec.,* No. 11 Civ. 7466(DLC), 2012 WL 3020034, at *4 (S.D.N.Y. July 24, 2012) (allowing a brief submitted by the United States to serve as a petition to certify that the employees were acting within the scope of their employment).

The Court, then, will construe Plaintiff's complaint as alleging common law loss of property and emotional distress tort claims brought under the FTCA against the United States. It is unnecessary, however, to formally substitute the United States as a party because Plaintiff's claim must be nevertheless be dismissed pursuant to Rule 12(b)(1), for lack of jurisdiction. *See Gertskis,* 2013 WL 1148924, at *13 (noting that formal substitution is unnecessary where dismissal is inevitable). Specifically, the Court lacks jurisdiction because the FTCA only acts as a limited waiver of the United States' sovereign immunity, and (1) Plaintiff has failed to exhaust her administrative remedies prior to bringing suit, as required, and (2) the United States has not waived sovereign immunity "for claims arising from the detention of property." *See Ali v. Fed. Bureau of Prisons,* 552 U.S. 214, 228 (2008).

Plaintiff's failure to exhaust her administrative remedies prior to bringing suit deprives the Court of jurisdiction over her FTCA claims. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency. . . ."); *Johnson v. Smithsonian Inst.,* 189 F.3d 180, 189 (2d Cir. 1999) ("Unless a plaintiff complies with [the exhaustion] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim."). Plaintiff's complaint in no way alleges that she has exhausted her administrative remedies, and the evidence the Defendants submitted specifically demonstrates that she has not. (Nagle Decl. ¶¶ 3-8, Ex. 1-3) Consequently, to the extent that

Plaintiff's complaint can be construed as raising FTCA claims, the Court lacks subject matter jurisdiction to hear them. *See Gertskis*, 2013 WL 1148924, at *13 (dismissing *pro se* complaint for failure to exhaust). If a court dismisses a complaint "for failure to exhaust administrative remedies, dismissal without prejudice is appropriate if the time permitted for pursuant administrative remedies has not expired." *Green v. Fed. Bureau of Prisons*, No. 11 Civ. 2554(DLC), 2012 WL 1694632, at *3 (S.D.N.Y. 2012) (citing *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004)). Time remained for Plaintiff to pursue her administrative remedies at the time Defendants' motion to dismiss was filed, and Defendants have provided no further submissions to demonstrate that time has since lapsed. Accordingly, but for the points discussed below, dismissal on this basis would be without prejudice.

Dismissal with prejudice of the FTCA claims is nonetheless warranted, in this case, because in addition to lacking subject matter jurisdiction based on Plaintiff's failure to exhaust, the Court also lacks jurisdiction because Plaintiff's FTCA claims arise entirely out of the "detention of property," and the United States has not waived sovereign immunity to claims of that nature. *See Ali*, 552 U.S. at 228 ("Congress intended to preserve immunity for claims arising from the detention of property, and there is no indication that Congress intended immunity for those claims to turn on the type of law being enforced."). Pursuant to 28 U.S.C. § 2680(c), the FTCA does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." *See id.* There is a limited exception to the general rule in that section, which applies, under certain circumstances, to "injury or loss of . . . property, while in the possession of . . . law enforcement." 28 U.S.C. § 2680(c). Plaintiff cannot avail herself of this exception, however, because she does not claim that the money that was seized has, since its

7

seizure, been damaged or lost. Since Plaintiff's FTCA claims are not ones for which the United States has consented to be sued, this Court is without jurisdiction to hear them and they must be dismissed pursuant to Rule 12(b)(1). *See Lambertson v. U.S.*, 528 F.2d 441, 443 (2d Cir. 1976) ("Since the United States has not consented to be sued for these torts, federal courts are without jurisdiction to entertain a suit based on them.").

V.     **Conclusion**

For the reasons discussed herein, Plaintiff's complaint is dismissed with prejudice, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction. This order resolves Docket Number 15. The Clerk of the Court is directed to close this action.

SO ORDERED.

Dated: July \_\_\_18\_\_\_, 2013
New York, New York

ALISON J. NATHAN
United States District Judge